COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

FILED

March 25, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

DIANA JEAN WHARTON     ) RHEA COUNTY
     ) 03A01-9707-CH-00267
    Plaintiff-Appellant     )
     )
     )
    v.     ) HON. BUDDY D. PERRY,
     ) JUDGE
     )
     )
WALTER H. WHARTON, JR.,     )
     )
    Defendant-Appellee     ) AFFIRMED AND REMANDED

J. ANDREW STINNETT OF CHATTANOOGA FOR APPELLANT

L. THOMAS AUSTIN OF DUNLAP FOR APPELLEE

O P I N I O N

Goddard, P.J.

Diana Jean Wharton appeals a divorce decree of the Circuit Court for Rhea County, wherein the Trial Judge declared that both parties were entitled to a divorce pursuant to T.C.A. 36-4-129. He thereupon divided the marital property, ordered Mr. Wharton to pay rehabilitative alimony of $50 per week for a period of nine months, granted Mrs. Wharton one-half interest in the value of Mr. Wharton's Sprinkler Industries Supplementary

Retirement Plan, refused to award her any interest in the National Automatic Sprinkler Industry pension fund.  He also found that the parties should retain the personal property then in their possession, but declined to onerate Mr. Wharton with any future medical bills incurred by the Plaintiff:

> 1.   Whether the Trial Court erred in properly assessing the value of the real property and therefore failed to divide the property equitably between the parties.
>
> 2.   Whether the Trial Court erred in the division of the marital estate when it failed to divide the Appellee's pension funds between the parties.
>
> 3.   Whether the Trial Court erred in failing to properly consider the Appellant's medical condition in refusing to require the Appellee to continue paying medical insurance for the Appellant.
>
> 4.   Whether the Trial Court erred in properly considering all factors when awarding alimony to the Appellant.

The testimony before the Trial Court is presented in the record by a statement of the evidence, which we suspect is woefully inadequate.  (See Appendix.)  For example, it does not contain facts specifically found by the Trial Judge, i.e, the amount of encumbrance as to the real estate or the value of the pension fund he divided.  It also omits the income that either party is presently earning.

However, upon indulging the assumption that the statement of the evidence is accurate and complete, we are nevertheless constrained to find that the evidence does not

2

preponderate against the Trial Judge's findings of fact, his disposition of the parties' property, and the other determinations complained of by Mrs. Wharton.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for such other proceedings as may be necessary and collection of costs below. Costs of appeal are adjudged against Mrs. Wharton and her surety.

_____
Houston M. Goddard, P.J.

CONCUR:


_____
Herschel P. Franks, J.


_____
Don T. McMurray, J.